UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CLAUDIA GROUX,

                    **Plaintiff,**

      v.                                  1:02-CV-1178
                                                (FJS/DRH)

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

                    **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **LAW OFFICE OF CRAIG MEYERSON**<br>Airport Park<br>17 British American Boulevard<br>Latham, New York 12110<br>Attorneys for Plaintiff | **CRAIG MEYERSON, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC**<br>111 Washington Avenue<br>Albany, New York 12210<br>Attorneys for Defendant | **ARTHUR J. SIEGEL, ESQ.**<br>**WILLIAM E. REYNOLDS, ESQ.** |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Although Plaintiff's complaint asserts a state-law cause of action for breach of contract, both parties agree that ERISA governs the action. Plaintiff also seeks a declaratory judgment and attorney's fees.

Currently before the Court are Defendant's motion and Plaintiff's cross-motion for reconsideration of the Court's March 28, 2005 Memorandum-Decision and Order ("MDO").

## II. BACKGROUND

Plaintiff began working as a telemarketer for Taconic Plastics in 1994. In January 1997, she had an inferior wall myocardial infarction. Defendant received Plaintiff's claim for long-term disability benefits in June 1997. In July 1997, Defendant approved her benefits, and she returned to work part-time (four hours per day, three days per week).

On November 12, 2001, Defendant called Plaintiff and told her that it had denied her claim and that she had the right to request a review of the claim. On November 16, 2001, Defendant sent Plaintiff a letter informing her that she was not entitled to disability benefits beyond November 12, 2001, and notifying her that she had the right to appeal its decision within sixty days of the receipt of the letter. On January 15, 2002, Plaintiff, through counsel, submitted an appeal to Defendant. On March 8, 2002, Defendant sent Plaintiff a letter upholding its previous denial of benefits.

Plaintiff initiated this action on July 30, 2002, by filing a complaint in New York Supreme Court, County of Rensselaer. *See* Dkt. No. 1 at 7-11. On September 12, 2002, Defendant removed the case to this Court. *See* Dkt. No. 1 at 1-3. Defendant moved and Plaintiff cross-moved for summary judgment. On March 28, 2005, the Court (1) denied both parties' motions for summary judgment, (2) ordered Plaintiff to produce to Defendant evidence supporting her partial disability claim, (3) ordered Defendant to conduct a full and fair review based on the administrative record ("AR") and any additional evidence that Plaintiff produced, and (4) ordered Plaintiff to notify the Court upon receipt of Defendant's decision whether she intended to seek judicial review of that decision. *See* Dkt. No. 59 at 20-21.

### III. DISCUSSION

**A.    Defendant's motion for reconsideration**

Plaintiff is correct that courts will generally only grant a motion for reconsideration if the moving party can show "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0793, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citations omitted). However, the nature of Defendant's motion is somewhat different from a standard motion for reconsideration. Defendant seeks to have the Court clarify what its decision means. In fact, the Court did not explicitly address the date as of which Plaintiff's evidence must show that she qualified for partial disability benefits. Therefore, because the Court did not address this issue, the parties should look to the applicable law. Since the parties disagree as to the applicable law, Defendant seeks to have the Court clarify this issue. Accordingly, although Defendant's motion for reconsideration does not come within the general standard for such motions, the Court will consider Defendant's motion because it merely seeks a clarification of the Court's MDO.

The Supreme Court has held "that a *denial of benefits* challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority . . . ." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (emphasis added). When a plaintiff seeks judicial relief after a plan administrator denies her claim for benefits, the "district court reviews all aspects of [the] *administrator's eligibility determination* . . . ." *Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288, 293 (2d Cir. 2004)

(emphasis added) (footnote and citations omitted). Therefore, although the Court found good cause in this case to consider evidence outside the administrative record, that did not change the fact that the purpose of the Court's review was to evaluate Defendant's "denial of benefits" and "eligibility determination."

Defendant made its final decision on March 8, 2002. Its decision could only be erroneous if Defendant either failed to evaluate properly the evidence in the AR or failed to take the proper steps to ensure that the AR contained the necessary evidence. The Court expressed concern about whether the AR contained the necessary evidence, i.e., whether Defendant had given Plaintiff the proper opportunity to present evidence and to respond to the evidence upon which Defendant relied. *See* Dkt. No. 59 at 5-9. The Court's purpose in remanding the case was to ensure that Plaintiff was able to present her evidence and to respond to the evidence upon which Defendant relied. However, the only evidence that is probative of the issue of whether Defendant's denial of benefits was proper is evidence that was in existence as of March 8, 2002. If Plaintiff and Defendants rely upon documents, e.g. affidavits or letters of medical opinion, it is not necessary that those documents were in existence as of that date. However, in order to be probative, the evidence must reflect her condition as of that date.

Accordingly, the Court grants Defendant's motion for reconsideration and orders Plaintiff to submit, and Defendant to consider, evidence indicative of Plaintiff's eligibility on or before March 8, 2002, for partial disability benefits.

**B.   Plaintiff's cross-motion for reconsideration**

Although Plaintiff's complaint and motion papers seek an award of attorney's fees and

costs, the Court neither addressed this issue in its MDO nor explained its reason for failing to do so. However, in the context of this case, the Court's consideration of the factors[1] that govern an award of attorney's fees is best postponed until after Defendant's reconsideration of Plaintiff's claim and any judicial proceedings subsequent thereto. Accordingly, since the Court's failure to address Plaintiff's claim for attorney's fees in its MDO is not clearly erroneous, the Court denies Plaintiff's cross-motion for reconsideration.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for reconsideration is **GRANTED**; and the Court further

**ORDERS** that Plaintiff submit to Defendant, and Defendant consider, evidence indicative of Plaintiff's eligibility, on or before March 8, 2002, for partial disability benefits; and the Court further

---

[1] Ordinarily, the decision [to award attorney's fees under 29 U.S.C. § 1132(g)] is based on five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987) (citation omitted).

**ORDERS** that Plaintiff's cross-motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 20, 2005
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Chief United States District Court Judge